OPINION
Defendant-appellant Dr. John Barnett appeals from a judgment rendered by the Mahoning County Common Pleas Court adopting a magistrate's decision that found in favor of plaintiff-appellee Boardman Canfield Center, Inc. upon its breach of contract claim. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS
Appellee owned a building that contained units of space which it rented to tenants for commercial and professional use. In 1993, appellant and Dr. David Baer ("Baer"), both podiatrists, entered into a five-year lease with appellee. While the lease contained several inaccuracies, appellant and Baer occupied the premises and paid rent at the rate of $866 per month.
In 1995, appellee remodeled the building, adding a kitchen, some cabinets, a business office and a doctor's office to the space leased by appellant and Baer. As a result of these improvements, a new five-year lease was formed. The new lease, commencing in June 1995, required monthly payments of $1,350 plus $100 for maintenance. Appellant and Baer paid appellee $1,450 each month until February 1996. Then, they stopped paying.
Appellee was able to lease the premises to different occupants. However, the rent charged to the new occupants was less than the rent appellant and Baer agreed to pay.
Appellee filed a complaint against appellant and Baer, alleging that they owed payment for the remainder of the lease term. The matter proceeded to trial before a magistrate. The magistrate found in favor of appellee. He determined that the total liability for the breach of the lease amounted to $66,150. However, subtracting the amount appellee was able to mitigate, the total award to appellee was $36,700. Appellant objected to the magistrate's decision. The trial court overruled appellant's objections and adopted the magistrate's decision. This appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED BY FAILING TO FIND THAT A WRITTEN LEASE WHICH DOES NOT COMPLY WITH THE STATUTE OF CONVEYANCES, IS VOID, AND THAT RECOVERY THEREON, IF ANY IS TO BE HAD, MUST BE AS IF THE LEASE WERE A PERIODIC LEASE."
Appellant argues that the lease should have been treated as a periodic tenancy rather than a five-year lease. He claims that the lease was never signed by a representative of appellee. He notes that R.C. 5301.01
requires all leases to be signed by the lessor. Because the statute was not followed, appellant contends that the lease was not valid. Thus, he argues that he could not be liable for the remainder of the five-year period once he vacated the premises. However, we are unable to address the merits of appellant's argument as he did not preserve it for appeal.
Appellant filed objections to the magistrate's decision with the trial court. While he noted that appellee failed to sign the lease, he did not object on the basis that R.C. 5301.01 was violated. Instead, he complained that the lack of appellee's signature violated the terms of the lease itself, which required signatures from all parties in order to be modified.
A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E)(3)(a). Objections must be specific and stated with particularity. Civ.R. 53(E)(3)(b). Furthermore, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53]." Civ.R. 53(E)(3)(b). "[This] rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Civ.R. 53(E)(3)(b) commentary.
Because appellant failed to object to the trial court on the basis that R.C. 5301.01 was violated, he is precluded from making such an argument to this court. As such, we shall not address the merits of appellant's case.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.